Matter of Battaglia (2019 NY Slip Op 06169)





Matter of Battaglia


2019 NY Slip Op 06169


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA O. HINDS-RADIX, JJ.


[*1]In the Matter of Christopher J. Battaglia, admitted as Chris J. Battaglia, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Christopher J. Battaglia, respondent. (Attorney Registration No. 2340917)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion of this Court dated February 16, 2018, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on his misdemeanor convictions. By decision and order on application dated July 9, 2018, the issues raised in a statement of disputed and undisputed facts, and the response thereto, as well as any evidence in mitigation and/or aggravation, were referred to Norma Giffords, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 1990, under the name Chris J. Battaglia.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 7, 2018, containing three charges of professional misconduct. The Grievance Committee subsequently served a statement of disputed and undisputed facts, and the respondent served a response. After a hearing on October 9, 2018, the Special Referee sustained all the charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent supports the motion and asks for the issuance of an admonition, or a sanction no more severe than a public censure.
Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On October 25, 2016, the respondent was convicted in the Supreme Court, Nassau County, before the Honorable Angelo Delligatti, upon a plea of guilty, of the crimes of (1) driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor, and (2) aggravated unlicensed operation of a motor vehicle in the second degree, in violation of Vehicle and Traffic Law § 511(2)(a)(iii), an unclassified misdemeanor. On April 5, 2017, he was sentenced to a term of imprisonment of one year on the conviction of driving while intoxicated, as well as three years' probation and revocation of his driver license. As to the conviction of aggravated unlicensed operation of a motor vehicle in the second [*2]degree, the respondent was sentenced to a term of imprisonment of six months, to run concurrently with the term of imprisonment imposed on the conviction of driving while intoxicated, and three years of probation. He was directed to a pay a $500 fine, a $370 surcharge, and a $25 crime victims assessment fee. In addition, the respondent was required to install an interlock device on any vehicle he operates for the duration of his probation, and to complete a Victim Impact Program.
Charge two alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On December 13, 2016, the respondent was convicted in the District Court, Suffolk County, before the Honorable Richard T. Dunne, upon a plea of guilty, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor. On April 12, 2017, upon an acknowledgment by the court that the respondent had been sentenced in Nassau County, the respondent was sentenced to a conditional discharge of one year. In addition, he was required to install an interlock device on his vehicle for 12 months, his driver license was revoked for 6 months, and he was directed to pay a $500 fine, a $370 surcharge, and a $25 crime victims assessment fee.
Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charges one and two.
Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
The respondent has no prior disciplinary history.
In view of the mitigation advanced, including the absence of any prior disciplinary history, the respondent's remorse, the multiple steps taken by the respondent to rehabilitate himself and maintain sobriety, and the absence of any client complaint in the respondent's many years of practice as an attorney, we conclude that the appropriate discipline is a public censure.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, J.J., concur.
ORDERED that the petitioner's motion to confirm the report of Special Referee is granted; and it is further,
ORDERED that the respondent, Christopher J. Battaglia, admitted as Chris J. Battaglia, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court